Thank you, Your Honor, and may it please the Court, Andrew Pruitt on behalf of the appellant Maine Community Health Options, I'd like to reserve two minutes for rebuttal. Keep your eye on the clock, it counts down and we'll try to help. I'll watch my time, Your Honor, thank you. Under Section 7 of the Federal Arbitration Act, Congress specifically prescribed a method for enforcing third-party arbitral subpoenas, and that's to petition a federal court. Now the question on this appeal is, when a litigant does that, what is the amount in controversy for jurisdiction purposes? Now ultimately whether the court looks to the underlying arbitration or looks more narrowly at the enforcement action, the result in this case is the same. In the underlying arbitration, that's a 17 million dollar claim against Navitus, but even looking at the enforcement action, the binding law of this circuit under Ford and other cases cited in our brief is that the court must look to both parties, the viewpoint of either party, in order to determine the amount in controversy. And the plainest good-faith valuation is then credited and accepted unless it can be refuted to a legal certainty. And Albertsons has not made any affirmative showing in this matter, much less one to a legal certainty. And the problem with Albertsons' cost of compliance approach is first of all that it runs directly contrary to this line of binding precedent from the circuit saying you have to look at both sides, because under that test you're only looking at one side, you're looking at the cost. And that of course isn't the value of the information. The other problem with Albertsons' cost of compliance approach is that it runs completely contrary to Section 7 of the FAA and in fact the whole framework of the FAA and what it's supposed to do. Under Section 7, Congress made available federal courts as a forum for arbitration litigants to go and get their subpoenas enforced. The practical effect of adopting the cost of compliance rule from Albertsons is that no arbitration litigant is ever going to get to be able to go to the federal court to get it enforced. And why is that? Can I ask you a question that's troubled me looking at this case and it probably has nothing to do with what we're here today about, but I'm curious. You sought the information directly from Navitus in the arbitration, correct? That's correct, Your Honor. Why didn't you just get the arbitrators to issue an order to Navitus to produce it? Well, the problem was Navitus claimed they didn't have the data, that the underlying information is essentially, they say, in the sole possession of Albertsons. That was not clear from the record and I couldn't figure out why you needed to resort to a subpoena if you had the arbitrators available to order Navitus to produce it. Okay, and so the problem, of course, with this method is you have to essentially show that paper, that the subpoena, that the documents are printed on is itself essentially worth more than $75,000 to get into federal court. And in that case, every third party is going to do exactly what Albertsons has done here and say, well, it's not going to cost us $75,000 to comply with the subpoena, and so no litigant will ever be able to meet that threshold and be able to go into federal court, despite the unambiguous languages of Section 7 directing the litigants to do just that. And the other thing is... Mr. Pruitt, accepting your argument that we can look to your side of it, not just Albertsons' side of it, how is it that you get past $75,000 on your side? Well, so there are two ways, Judge Fletcher, and of course it depends on how the court determines to look through, but in our view, the court should look to the underlying arbitration, which is the matter in controversy here. But let's assume you don't persuade us about that. Answer Judge Fletcher's question with reference to the value of the subpoenaed information to you. How do we know that's worth more than $75,000? How can we plausibly infer that? So during the proceedings before the district judge, he permitted Health Options to supplement its pleading to allege specific facts with respect to the amount of controversy as to the subpoenaed information from Albertsons, and that's reflected at ER 34 and ER 35, which is a stating that the subpoenaed information would prove a substantial part of the $1.7 million worth of claims that are attributable to Albertsons' subsidiary pharmacy, and that the amount accounts for well over $75,000. And so it's those allegations that were made in the record that exceeds $75,000. I understand the argument. It's hard to argue about the value of information. It's easy to understand how you argue about, well, how much are you seeking in a lawsuit? And if you're seeking it in good faith, and it can't be proved to a legal certainty that it's less than that, I mean, that's all easy stuff. It's fairly easy to do it, even if we're arguing about the underlying lawsuit. But the value of information is harder to assess. Well, I think, Judge Fletcher, in this case, you can actually look at it as an injunction or specific performance. And the reason is because the underlying information essentially is the claim in this case. So the underlying claims in the arbitration are that you overcharged us. And so the data itself is going to prove that one way or the other. And so that's the basis for the valuation, because without the data, we can't prove our case. But with the data, we can show that the overcharges actually did occur. So the data is, frankly, the only evidence in some ways to be able to show necessarily that those overcharges occurred and how much those overcharges were in this case. If this court were to just look at this cost of compliance to one party, that's undermining the entire framework of the FAA more broadly. And what would happen is that it would make this proceeding in arbitration more inefficient, more costly, more cumbersome, and frankly, less effective than even traditional litigation. And that's exactly the opposite of the... Could you have gone to state court to enforce this agreement? Well, I think that is unclear. I think it would actually depend on the state. Some of them may have favorable jurisprudence, some of them may not. But I think it's clear looking at Section 7 that Congress did not want to lead this to the vagaries of state court. But it's also clear looking at the case law that Congress meant there to be an independent basis for federal jurisdiction in these cases, either diversity or federal question. We don't dispute that. So there will be some arbitration cases where there is neither. And I guess my question is, isn't there a resort to state court in those cases? Well, I think the court is correct. There may be some cases where that is the case. But the fact is that Section 7 did make federal courts available and did prescribe that the petition to a federal court is the mechanism under the FAA for enforcing arbitral subpoenas. So I do think whether state courts are available, and I take your point, Judge Hurwitz, we think in some ways it's a bit beside the point because that statute does provide for federal court enforcement. And of course, that does provide for efficient arbitration proceedings. But then, of course, in this case, if the court were to adopt the position Albertson is advancing, no one would ever be able to get into federal court to get that enforced in the first place. And the other thing that, the other problem with Albertson's position is they suggest that the court should not be making, not be conducting this legal certainty test because discovery may reveal that the jurisdictional amount is not met. But of course, that goes directly against the long line of precedence saying that that's the jurisdictional amount and controversies determined at the amount at the time of the pleading. And that courts are not divested of jurisdiction if it's later shown in discovery. That's, that was affirmed by this court in the GOX case cited at page one footnote one of our reply brief. And in the Bull HN case out of the First Circuit that we cite, the other argument that Albertson makes to suggest this legal certainty test and the either viewpoint should not apply is that it has consistently and vigorously disputed the relevance of this information. Now, that's problematic for a number of reasons. Number one, the arbitrators in issuing the subpoena implicitly deemed the, or explicitly deemed the information relevant under section seven. But likewise, this circuit has already rejected that in the GOX case when it said of a district court, and this is at FinCite 1108, if a district court had to evaluate every possible defense that could reduce discovery below the jurisdictional amount, the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction. So that's a fundamentally a problem. Your case may actually be relatively easy given the nature of the information sought and the amount of money that might turn on whether or not you can get this particular information. But the solution of we've got to look at the value inherent in the subpoena and the information that's coming in is really pretty awkward. Is there a possibility that we could just say that a third party subpoena in an arbitration case comes with just an ancillary jurisdiction of some sort irrespective of the amount of dollar amount that might be affected by the information? I think to do that, the court would have to find that section seven itself is a grant of federal jurisdiction, which I don't believe the Ninth Circuit has specifically addressed. Doesn't Moses Cone, at least in a footnote, suggest that it's not? It does, your honor. That's why it's sort of a tricky question because Moses Cone was related to section four of the FAA, not specifically section seven. And there was a little bit of a difference in the language where section four had a specific statement saying for a case that's otherwise could be litigated in the federal court. So that language does not appear in section seven. So that might be the basis for that discrepancy. But of course, the briefs, Judge Fletcher, to your question in this case are framed around establishing diversity jurisdiction under 1332 independently for the controversy. You know, I understand that, but it seems to me quite an awkward solution that will not work in all cases. It may work in this case, but I'm not sure it's going to work in all cases because there may be some relevant information that helps put things together, but it's going to be hard to show that the information on its own is worth $75,000 or more. I'm not sure that's this case, but I've been trying to figure out what the right rule is. I don't really like the rule that you're having to argue under. I think that's actually a very good point, Judge Fletcher, and that indicates to us why the court should be looking to the underlying arbitration whenever it has an ancillary enforcement proceeding such as this for a subpoena. That's what I would normally do under rule 45, to look to the underlying controversy, $17 million in this case, and that's what determines whether that subpoena should be enforced for that particular litigation. Counsel, let me ask before you sit down just quickly to explain why venue was proper in the District of Idaho. Well, I'd have to go back and check the record on that, but I think it's because the majority of the arbitrators are sitting in the District of Idaho. Judge Watford, I'd have to go back and confirm that specific question. Your opponent says that the arbitrators are sitting in Wisconsin. That's not correct? I'm not sure physically where they're sitting. As I understood, the subpoena is for an arbitration hearing to be in the District of Idaho. Essentially, the panel or a majority of the panel will be sitting in the District of Idaho, which I think would be a remote proceeding, but that it would still be there. Okay. Thank you. Thank you, Your Honor. Now, you'd stop to preserve two minutes, and we took you over. We'll put two minutes on the clock when it comes to your turn again. Thank you, Your Honor. Eric Stedham on behalf of Albertsons. In addition to answering any questions this court might have, Your Honor, I wanted to focus on three areas. First, what we believe is a strawman argument that's being asserted and mischaracterizing the underlying proceeding at the trial court. Secondly, I'd like to talk about the Amgen case and why the first proposed solution of looking at the underlying arbitration just doesn't work and is contrary to jurisprudence. Third, Your Honor, talk about what I understand to be the backup argument from the plaintiffs that this court should look at Washington National. I want to talk, if we get there, talk more specifically about that case. Let me make sure you get there. Thank you, Your Honor. I'm most interested in your response to that and telling us why we should create a circuit split with the Second Circuit. Thank you, Your Honor. I'll jump to that. The headline is, We Don't Think You Need To. First, Your Honor, and I'm going to take out of order what I set my precedence, Your Honor, Judge Hurwitz, to jump to this issue of Washington National if I can. Talking about Washington National, which, again, we understand to be their backup argument, whether it's their backup or not, just tell me why it's not right. All right. Your Honor, the Washington National case, I'd like to highlight three things. First, Washington National case disavows looking at the underlying jurisdiction for purposes of understanding establishing diversity. What happened with regard to the amount of controversy in Washington National requires a little bit of digging in. I think an issue that is kind of raised by the manner in which that case is characterized in their reply. In Washington National, if you look at what the court did there, there are a couple of things at play. The court found that the assertions regarding, I think it was $134 million in damages in the arbitration should be considered when considering whether or not the documents in question met the jurisdictional amount. The court in the Second Circuit opinion, and I think it's at page 135, cites to the underlying district court case. That underlying district court case relies on Second Circuit authority, which says you can look at the consequences of the litigation in order to establish the jurisdictional amount. Your Honor, we think that that is different and as the no collateral effect rule in the Ninth Circuit. In effect, Your Honor, we don't think that the Washington National case looks through to the arbitration. Rather, the Washington National case ended up with what I think would be a different result from this court based on the Second Circuit having kind of a different rule regarding what gets considered as far as consequences versus the no collateral effect. Let me frame the question a little bit differently. We've never addressed the Ninth Circuit, as close as I can tell, how to determine the amount in controversy under circumstances like this, which is to say a third party subpoena in a diversity case, correct? Correct, Your Honor. Okay, so the Second Circuit says, let's look through to the value of the subpoenaed information. What's wrong with that test? Judge Fletcher suggests it may not work in every case, but it seems to work pretty nicely in this case. Why shouldn't we adopt it here? Well, first, Your Honor, and I want to reserve the fact that I don't think that a sufficient showing was made of that in this fact. We can get to that in a second, yeah. I want to hear you on that too. To talk about the rule. Your Honor, first, I think it goes to what we believe to be the collateral effect rule that we've briefed relatively extensively in this case, that although you've not ruled on this issue, that same concept, Your Honor, seems directly applicable to what you're facing here, which is under the Ninth Circuit precedence, you just look at the value of the thing in dispute, not how that can be used or the value that can be reaped from that in some subsequent proceeding. And we've cited, Your Honor, the Corral case, which is the more recent case from 2017 regarding a temporary restraining order, and we've cited some other cases, Your Honor, which I'm happy to discuss. Before you move on to them, let me ask you this question. Should we consider attorney's fees as a cost of compliance? I think if attorney's fees are going to be utilized to prepare for the hearing in question, yes. But I think it would be absurd if a party like Health Options could drag this up to the Ninth Circuit, and because it got dragged up to the Ninth Circuit, that then be considered part of the cost of compliance. Let me tell you what troubles me about it. You're telling us this is relatively useless information only worth the cost of compliance. I've never seen a third-party subpoena where a court wouldn't say, of course, we'll reimburse you for your cost of compliance. And you're a pretty good lawyer. My guess is your clients have spent more than $75,000 avoiding the $1,400 in costs. So that suggests to me that maybe this I will represent to you, this is in the record, but I represent to you, we have not spent that much on attorney fees. Albertson's, as is reflected in the excerpts of records, had much of this handled by its in-house counsel. That's why you didn't see that there, Your Honor. And I would submit that the declaration was provided by Albertson's as to what it was going to incur in costs that it believed recoverable. Now, at the risk, Your Honor, of kind of jumping to one of the three topics, I want to make sure that I haven't dodged anything on Washington National. But to jump back to what I said was going to be one of my first topics, that straw man issue, Albertson's is not taking the position that the court should disavow the either perspective rule. We're not taking that position. We've never taken that position in the breeze. What happened in this particular case is the trial court gave an opportunity for supplemental briefing. And in this case, health options completely failed to provide adequate, non-speculative information with foundation that would go towards something that the trial court could measure as the cost or value in this dispute to health options. Rather, health options diverted to an argument based on Amgen, look at the arbitration, and it provided a very limited and ineffectual affidavit or declaration from a Kevin Johnson, which talked in terms of vagaries. It talked about many disputes. Well, to back up, the Kevin Johnson affidavit at most says, somebody told me, and I think that's important to identify when looking at that affidavit, the trial court was looking at an affidavit in which the declarant was admitting this wasn't even his information. Some unspecified person told him that there was $1.7 million in transactions involving Albertsons. That doesn't mean that's the amount of recovery. That's just the amount of transactions. Then he says many of these, based on information again from somebody else, were potentially in dispute. And then he makes a conclusory assertion that the $75,000 must be met. That's just a failure, your honor, in this particular case for them to present, for health options to have presented evidence in this case that was within the proper measure that's recognized by the Ninth Circuit, the no collateral effect rule. And so there's just a failure there, your honor. We're not urging that the court could only look at Albertsons' cost of compliance. It's up to the other side to provide adequate evidence. And so the trial court here cited the Royal Merchants case, which is that it's a district court case out of Utah from 2019, which very thoughtfully ran through and assessed the cases, which indicates the trial court properly was kind of looking at where the circuits, excuse me, where the courts had addressed this, rejected the Amgen rule because it deviates from the plain language of 1332 and starts to look at parties who are not before the court. And then it concluded the statutory amount is not met because the only evidence he had was what had been provided by Albertson on the cost of compliance. So your honor, I don't think that this court needs to adopt a rule that says you only look at the cost of compliance and we've not urged that rule. But can I ask you a question about that? Let's assume, I apologize your honor, but I did not hear the first part of your question. I hadn't started it. But let's assume just for purposes of discussion, this is a hypothetical, I know it's not the facts, that the main community health organization sued Albertson's director and said you are in federal court under diversity jurisdiction claiming that somehow you'd overbilled them for some amount. I know that wouldn't work on the facts of this case because you have to go through the intermediary. But let's assume it was just a claim against you and they said more than $75,000 was at issue. Would we dismiss that claim? No, your honor. Because the rule in that case would be that you'd look at, and I'm assuming of course that this is laid out in a complaint. Right, that somehow you've done something wrong with these billings that don't correspond to their requirements and they believe that you've overbilled them by more than $75,000. That mere allegation would be enough to get them into federal court, wouldn't it? The mere allegation, provided it's made in good faith and it's about a monetary amount, is sufficient. Here there's a couple differences in our case. So the answer to that why that is not indicative of the situation we're facing here. First, this is talking about injunctive relief, which has a little bit different construct. Secondly, your honor, we're talking about a case in which there was no assertion made regarding the value of what is being sought until the trial court gave a second bite at the apple to Maine to provide that supplemental briefing. And then third, your honor, this is different than I would suggest a that. And this is kind of jumping to we don't think the legal certainty test applies under these particular facts. I want to get back to that real quickly. I'm looking at my time, but I want to get back to that real quickly. But at the same time to answer kind of your question, this is about the legal certainty case if it applied here. I think this is an exceptional case where as opposed to your hypothetical where discovery would be conducted and perhaps revisited, the amount and which we should be given some leeway with regard to legal certainty. At the risk of hopefully not being too disjointed, your honor, let me touch on, because you're raising the legal certainty question, why we don't think it applies in these cases. And we don't think it applies and we think the trial court was right in saying that the failure of the burden was on health systems, health options, excuse me. Because they never made the sufficient showing to kick it into our burden then to dispute it with the legal certainty. Because what they did based on that affidavit was they talked about value outside the case in arbitration. So that doesn't meet their burden. And they didn't provide, even if the court was going to adopt some kind of hybrid approach where it valued based on the collateral effect, they didn't provide the sufficient valid evidence from this expert to move the burden to Albertsons on the legal certainty case. So we're not asserting that legal certainty doesn't apply. We assert that maybe there should be an exception in cases like this which are different than your typical complaint with the parties there. The more important thing, though, is here they just they dropped the ball. And they can't contend otherwise. They got another bite at the apple. They didn't provide an affidavit that had any meat on it that was even based on first-hand information. And they made an argument that was wholly based on a collateral proceeding, which is contrary to the collateral effect rule in the Ninth Circuit. Counsel, can I can I jump in because you are about to run out of time. Of course. Nothing that you've discussed so far interests me because I'm I'm of the view that the Seventh Circuit has the better rule. And I'd love for you to at least pivot to to that issue before you sit down. Okay. The Seventh Circuit rule, Your Honor, I think is simply is is that you can look at, as I understand it, you can look at the value. But the case in the Second Circuit is you consider the value of the case in question based on the consequences. You can consider the consequences of that case. I don't think that that's Ninth Circuit law that you can look at when valuing whether the diversity is met. Let me be let me be clear. Let me be clear. Maybe I don't know what the Seventh Circuit held. I think the better rule would be that you look to the value and the underlying arbitration matter, not the value of the dispute between the two of you. And what let me just be real quick, since you're running out of time. Let's say that that the district court exercises jurisdiction under Section four to compel arbitration on the basis of, let's say, diversity in the underlying arbitration dispute. Is it your view that if a dispute about a third party subpoena arises in that context, that the court is going to have to do this independent jurisdictional analysis under Section seven? Yes, Your Honor. I think any action under Section seven is an independent action under the existing case law. And if it's an independent action, they need to provide an independent basis for that independent action under diversity. How do you how do you square that with the way we handle things in the Rule 45 context? That's what I don't understand. Well, it's a different rule, Your Honor. The Congress made the decision not to provide federal question jurisdiction and Congress made the decision and the case law is well established that in order to get federal jurisdiction for a arbitration case, you've got to meet either federal question or diversity. Yeah, but let's assume that there is diversity jurisdiction as between the parties to the underlying arbitration controversy, just like there could be in a federal district court case that's outside the arbitration context, right? So there's diversity based on the underlying dispute between the real parties to the action. A dispute with a third party over subpoena arises. You're saying that there needs to be an independent jurisdictional basis for the district court to essentially exercise. It's kind of like what Judge Fletcher said, this ancillary jurisdiction over this collateral matter. And we don't do that as I understand it in the Rule 45 context. If there's diversity jurisdiction over the underlying dispute and there isn't diversity, let's say with respect to the third party subpoena recipient, the district court doesn't say, well, I'm powerless to enforce this. It's just bound up with the underlying action. I don't understand why that wouldn't be true in the arbitration context as well. Well, Your Honor, it's not. I think it's different because there's simply no authority for what I understand the court thinks should be the rule. There's just no authority for ancillary jurisdiction being asserted based on a subpoena like this. All of the case law is uniform. I have to say in some circumstances and other if I could, if I can go back and rewind about 50 years of history under the arbitration statute, I might say, you know what, I'd be bound by the words of the statute. The Supreme Court has created a brand new set of rules about arbitration that's pretty much free-floating from the statute. And it seems to me that it's not a very big step to take, as Judge Watford has just suggested, to make this into a sensible proceeding instead of an odd business where you can get subpoenas sometimes, but you can't get subpoenas other times. I mean, this is madness. Well, Your Honor, first, I would have been five at the time, but I would have been around 50 years ago. So I do remember that. But Your Honor, one of the real issues here too is the policy. Why is it fair for Albertsons to get dragged into an arbitration without any protection that is afforded through something like diversity or federal question? But it's really only a question of what court enforces the subpoena. There's concurrent jurisdiction, the Supreme Court says in Moses Cone, with the state courts. So presumably there is a state court that could issue a subpoena to you. It's not that you're being dragged into something that you're entitled to stay out of. The only question is, what's the identity of the dragger? Well, Your Honor, I think we would be more dragged in if this rule was adopted, creating ancillary jurisdiction for the federal courts. To jump to your question about state courts, as you'll see in the underlying record, Albertsons has always said, go to state court. I know that the question was asked of health options. Albertsons' position has always been, you could go to state court in Idaho and enforce it. The question here is, why are we in federal court where there's a question about jurisdiction? I do balk at the idea that a third party like could be brought in, which I do believe is a much more meaningful way, through an ancillary proceeding in federal court, which is divorce of any federal question issue. Yes, and I'm just reacting to your work. We're an innocent third party. We're being dragged into a dispute. You have information, they're entitled to get it, whether they get it through a federal court or a state court. That doesn't really make much of a difference in terms of the burden on you, does it? I think the burden would be different if there were just ancillary jurisdiction for any federal court to drag a party like Albertsons in, plus the other side, which I know this court has a much better perspective than I do. The impact on federal courts of having to take up these matters would be a burden that they don't need. Then very quickly, if I could, it's not the case, by the way, that the cost of compliance rule means you never have federal jurisdiction. It means you only have it where there's a significant amount. I would direct this court's attention to the excerpt of record, page 13, which references the CVS case with Maine Health. That case was not cited in the briefing because the procedures there are not relevant. What's relevant are the facts there. In that case, which I believe was a district of Rhode Island, the court there said, we don't know whether we look at the cost of compliance. You know what? We don't need to worry about that because the cost of compliance here exceeds $75,000. I think it's fair for the court to note that there's a couple of matters like this with Maine Health. It's kind of a cottage industry that's arisen in this particular arbitration where under the facade of hearings, they're conducting pretrial discovery in states like Idaho. It goes to Judge Watford's question about venue. They're calling it a hearing when, in fact, it's not really a hearing. They're saying that the arbitrators who are required by contract to be sitting in Wisconsin, to reference your earlier question, Judge Watford, that they're going to appear telephonically in Idaho and Albertson's then needs to provide this information. There's not even been an indication that Navitas is going to be participating in this. This, Your Honor, and Judge Watford, maybe this, and Judge Fletcher, this kind of my reaction to this ancillary jurisdiction, there are limits that should be placed on the ability for an arbitration panel to get discovery. It's clunky right now, but the rules work and they provide some protection. They also direct and force either in the state court system or the federal court system some oversight which could help protect a company like Albertson's against overreaching arbitrators. Who knows what some of these arbitrators' qualifications are? If we just follow the federal jurisdiction, the cases that matter a lot are going to end up in federal court like this CVS case. Otherwise, they're going to be in state court where they can be relatively efficiently dealt with. Either way, the concept that seems to be creeping here where pre-trial discovery, which was never contemplated by this process, is really what we're engaging in. I think, Your Honor, potentially going to continue to run amok. But counsel, just one last question. The other anomaly of your position is this. You could have an underlying arbitration controversy, let's say between two parties who are not diverse. The federal courts are never going to be able to get involved. They couldn't get involved under Section 4 to compel arbitration. They can't get involved on the back end under Sections 9, 10, and 11 to confirm or vacate the award. Congress has basically said, federal courts, we want you to stay out of this. But under your view, the only thing that a federal to enforce this third-party subpoena. That makes no sense. The whole purpose of the FAA was to have federal courts step in to supervise the underlying arbitration controversy to make sure that the parties actually carry out their agreement. But under your view, you could have the federal court just jumping in to enforce this one little third-party subpoena and the federal courts would be unable to take any other action with respect to the matter being arbitrated. I just don't see how we would read the FAA to mandate that. Well, I think the only thing I could say is what we're urging is consistent with the rule. And there is no overriding rule that federal courts always have authority over arbitrations. They just don't. You've got to meet federal question or you've got to meet diversity here. And the rule we're urging is not, the rule we're urging shouldn't, I think, mean that there should be more oversight of the arbitrations, whether it's not. It's just in a particular instance, where for whatever reason, they choose not to go to state court, and they choose to put the burden on federal court. They've got to meet the diversity requirements, just like anybody else who's imposing upon the federal court system. And we've taken you well over time. I'm embarrassed to say I've got one more question. I don't understand why you prefer state court. You say we'll come to state court, subpoenas from state court, we'll give you the information. So why do you prefer state court? Why not just hand over the information right now? There's something you haven't quite told me yet. Well, Your Honor, we have, there has been, and I think much of it's reflected in the excerpts of records, so you can look at it regarding the letters from Mr. Day, who's in-house, Calvin Slot-Albertson's, regarding what he was trying to negotiate. He was trying to negotiate payment and some other things. But the issue with regard to federal court jurisdiction is the same one that's being raised by the other pharmacies that are being dragged into this process by Maine and other courts, which is you don't have jurisdiction. And so, Your Honor, I guess, which also could be raised. With respect, that's not my question, but mine is a practical question. What do you hope to accomplish by having no subpoena here and saying you're subject to a subpoena in the state court? Why are you better off with a subpoena issued against you in state court? Your Honor, I think we're better off because the statutory requirements are being met and the jurisdiction is being, jurisdiction is properly before the court that it's ruling on us. It's that simple. You don't have to answer my question if you don't want to, Your Honor. I'm sorry, Your Honor. There's a delay and I apologize. I said you don't have to answer my question if you don't want to. But the answer you were beginning on was not an answer. Fair enough, Your Honor. A practical question. Why do you want to be in state court? Albertson's, my client believes that the state court will more efficiently and fairly deal with it and my client believes that there's some risk of fighting a battle in front of this court regarding discovery, the federal court regarding discovery, only to find out perhaps when the federal court reconsiders it that the federal court that ruled on it did not properly have jurisdiction. That is why when you look at the excerpts of record, my client was constantly inviting if this dispute is going to become a dispute for it to occur in state court where my Thank you. Any further questions from me? I apologize. Thank you for your time, Your Honor. No, I apologize. It's far over. Mr. Pruitt, you've asked for two minutes. Let's see if two minutes suffices. Thank you, Your Honor. So I think the difficulty in sort of teasing through the evidentiary basis of these allegations tells us a few things here. Number one, it's inconsistent, I believe, with this court's precedent in NAAF, which essentially says you do accept the allegation, the good faith allegation of the plaintiff of how much is in controversy unless, of course, and this is the burden shifting, unless, of course, the other side can refute it to a legal certainty, which Albertson's has not done. But also this the at the initial threshold jurisdictional stage is showing that it's very unworkable for the district courts to have to engage in this process. And it's contrary to this principle that you determine jurisdiction before you go into the merits of the case. And I think what it does is it indicates why the Seventh Circuit approach is actually the better approach because you have the evidentiary findings with respect to that. The other thing is... Let me ask you a question about the point raised by my colleagues. Obviously, there's a lot of attraction to the ancillary jurisdiction approach. Do you think that's open to us under Supreme Court precedent? Ancillary to the... In other words, as long as there would be federal jurisdiction to order the underlying arbitration, because it's either a federal question or diversity, then there's always federal jurisdiction to enforce a third-party subpoena. Do you think the Supreme Court has let... I know that's a variant of you're looking to the amount in the underlying thing, but you're really making a diversity argument. I'm asking whether or not the Supreme Court has left that open to us or whether the language in Moses Cone sort of restricts us to looking at diversity and federal question jurisdiction with respect to the subpoenaed pardons. Well, I do think that it does have to be... I do think it has to be shown for the underlying dispute that there is an independent basis for subject matter jurisdiction, be it federal question or diversity. But I understand your question to say, if that is the case, and this goes to Judge Watford's good point, which is there could be instances where you have a federal court who could, under Section 4, compel an arbitration... With all respect, that's contrary to what I asked. In other words, if the federal court can compel the arbitration, Judge Watford asks, why can't we enforce a subpoena? And so I'm saying that would be ancillary jurisdiction because we would enforce that theory even if you were enforcing it against the main company and less than $12,000 were at stake. And so my question is, do you think that approach is consistent with the Supreme Court jurisprudence on this topic? Okay. I don't think anything in the Supreme Court's jurisprudence forecloses that, to my knowledge, and I do think that the ancillary approach, as the court put it, or this sort of looking at jurisdiction under Section 7 as coextensive with the jurisdiction of other sections of the FAA, does make sense and would be consistent with overall interpretation of the FAA. I see that I've gone over my time. Don't worry about that. If the bench has further questions... Okay. Well then, thank you. Thank both sides for a very helpful argument. The case of Main Community Health Options versus Albertsons Companies is now submitted for decision, and we thank counsel.
judges: W. Fletcher, Watford, Hurwitz